UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE MCLEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| THE TUDOR GABLES BUILDING ) | Judge: |
| CORPORATION, an Illinois corporation, ) | Magistrate Judge: |
| and PARKER-HOLSMAN COMPANY, ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, LEE MCLEMORE, brings this civil action by and through his attorneys, Seth R. Halpern and Meredith Buckley of Malkinson & Halpern, P.C., and complains of Defendants, THE TUDOR GABLES BUILDING CORPORATION and PARKER-HOLSMAN COMPANY, as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1. *et seq.* ("IMWL"), and for one or more Defendant's failure to pay all overtime wages to Plaintiff for all time worked in excess of Forty (40) hours in individual work weeks during the applicable period of limitations.

### PARTIES

2. Defendants own, operate, and/or maintain a residential apartment building located at or near 4840 South Drexel Boulevard, Chicago, Illinois, and which encompasses multiple addresses on South Drexel Boulevard (hereinafter "the building"). Between March of 2016 and

September of 2018, Defendant THE TUDOR GABLES BUILDING CORPORATION ("TUDOR") and/or PARKER-HOLSMAN COMPANY ("PARKER") (collectively "Defendants") employed Plaintiff as an on-site maintenance service provider.

3. Plaintiff is a resident of Cook County and worked as an hourly non-exempt employee of one or more of the Defendants at all relevant times.

4. At all relevant times, Plaintiff was an "employee" of one or more of the defendants as that term is defined by the FLSA and IMWL

5. At all relevant times, Defendants, TUDOR and PARKER, were, and are, "employers" as the term is defined by the FLSA and IMWL.

## FACTUAL BACKGROUND

6. Plaintiff was an individual on-site maintenance service provider, hired by defendants in or around March of 2016 and terminated on July 29, 2019.

7. During his employment with Defendants, Plaintiff was paid hourly, initially $13 per hour and, later, $14 per hour, and was provided with an apartment in the building, rent free.

8. For each pay period, bi-monthly, Plaintiff was required to submit to Defendants the number of hours he worked during that applicable pay period.

9. During the period between 2017 and 2019, Plaintiff regularly worked in excess of 40 hours per work week.

10. At all relevant times, Defendants knew and were aware at all times that Plaintiff routinely worked in excess of forty hours per individual work week. Nonetheless, Defendants did not pay Plaintiff overtime wages for hours worked in excess of forty hours during individual work weeks, as required by Federal and Illinois wage and hour law.

11. Plaintiff was subject to Defendants' uniform policies and practices and was a victim of Defendants' schemes to deprive him of overtime pay. As a result of Defendants' improper and willful failures to pay Plaintiff in accordance with the requirements of Federal and Illinois wage and hour law, Plaintiff suffered lost wages and other damages.

## JURISDICTION

12. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
### (Violation of the Fair Labor Standards Act – Overtime Wages)

1-12. Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-12, above, as if fully set forth herein.

13. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in failing to pay overtime wages to Plaintiff for all time he worked in excess of forty hours in individual work weeks.

14. Plaintiff was directed by Defendants to work in excess of forty hours per individual work week.

15. Pursuant to 29 U.S.C. § 207, Plaintiff and other similarly situated employees are entitled to be compensated at their regular pay rate for all time worked, and at a rate of one and one half times their regular pay rate for all time worked in excess of forty hours in individual work weeks.

16. Defendants' failure and refusal to pay Plaintiff for all time worked, and overtime wages for all time worked in excess of forty hours per individual work week, violated the Fair Labor Standards Act.

17. Defendants knowingly and willfully violated the Fair Labor Standards Act by purposefully refusing to pay Plaintiff overtime wages for time worked in excess of forty hours in an individual work week.

WHEREFORE, Plaintiff, LEE MCLEMORE, prays for judgment against Defendants, THE TUDOR GABLES BUILDING CORPORATION and PARKER-HOLSMAN COMPANY, and each of them, as follows:

    a. Declaring and finding that the Defendants violated provision of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* by failing to pay overtime wages to Plaintiff;

    b. Compensating Plaintiff in the amount owed for all time worked including one and one half times Plaintiff's hourly rate for all time worked in excess of forty hours per individual work week;

    c. Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due;

    d. Awarding reasonable attorneys' fees and costs incurred in this action; and

    e. Providing for such relief as this Court deems appropriate and just.

## COUNT II
**(Violation of the Illinois Minimum Wage Law)**

1-12. Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-12 of Count I as paragraphs 1-12 of Count II as if fully set forth herein.

13. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

4

14. Defendants are "employers" and Plaintiff, at all times relevant, was an "employee" under Illinois Statute 820 ILCS § 105 *et seq.*

15. The Illinois Minimum Wage Act, Section 820 ILCS § 105 *et seq.*, requires employers to pay employees minimum wage for all hours worked.

16. Section 105/4(a) requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over forty hours per individual work week.

17. Defendants violated Illinois Statute 820 ILCS § 105 *et seq.* by regularly and repeatedly failing to compensate Plaintiff for unpaid overtime at one and one-half times his regular, hourly rate, for all hours worked per week in excess of forty hours during the violation period.

18. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff, LEE MCLEMORE, prays for judgment against Defendants, THE TUDOR GABLES BUILDING CORPORATION and PARKER-HOLSMAN COMPANY, and each of them, as follows:

    a. Declaring and finding that the Defendants violated provision of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.* by failing to pay overtime wages to Plaintiff;

    b. Awarding compensatory damages, including all overtime pay owed, in an amount according to proof;

    c. Awarding interest on all regular and overtime compensation due accruing from the date such amounts were due;

    d. Awarding all costs and reasonable attorneys' fees incurred in prosecuting this claim;

    e. Providing such relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL.**

**DATED: November 18, 2019**

                                      Respectfully submitted,

                                      MALKINSON & HALPERN, P.C.

                                      By: _/s/ Seth R. Halpern_
                                           One of Plaintiff's Attorneys

Seth R. Halpern
Malkinson & Halpern, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
ARDC No. 6198939
shalpern@mhtriallaw.com